IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENA G. TURTLE, | § | |
| REG. NO.48375-180, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3087 |
| | § | |
| JOYCE FRANCIS, *et al.*, | § | |
| Respondents. | § | |

OPINION ON DISMISSAL

Petitioner Lena G. Turtle, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the refusal of the United States Bureau of Prisons ("BOP") to allow her to transfer to a community corrections center ("CCC") or halfway house before she has completed ninety percent of her sentence. After reviewing the pleadings and the applicable law, the Court DENIES relief and DISMISSES this case for the reasons discussed below.

I.   BACKGROUND

Petitioner reports that she was sentenced in February of 2005, to ten months confinement in a federal prison on her conviction for transportation of marijuana. She is presently confined at the Bryan Federal Prison Camp in Bryan, Texas.

Petitioner contends that she is entitled to federal habeas corpus relief under 28 U.S.C. § 2241 because the BOP adopted a final rule on CCC placement in February of 2005, after her conviction was entered, which rule prohibits placement in a CCC until she has served all but the last ten percent of her sentence.

The final rule, which is based on the BOP's interpretation of the federal statutes concerning placement of offenders in CCC facilities, is set forth in greater detail below. Petitioner contends the

final rule violates statutory law and the Congressional intent of 18 U.S.C. § 3621(b).  Petitioner further contends that the final rule violates her rights to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and violates the *Ex Post Facto* Clause.  For the reasons set forth below, the Court concludes that petitioner is not entitled to federal habeas relief.

II.     STANDARD OF REVIEW

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed.  *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).  To prevail, a habeas corpus petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a federal district court may dismiss a habeas corpus proceeding if it appears from the face of the petition that the petitioner is not entitled to relief.  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (discussing summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases); *see also* 28 U.S.C. § 2243.

III.    THE PRISON POLICY IN DISPUTE

The policy in dispute concerns a shift in the BOP's interpretation of its statutory authority to designate or assign inmates to a CCC facility pursuant to 18 U.S.C. §§ 3621 and 3624.  In pertinent part, 18 U.S.C. § 3621 establishes the BOP's authority to designate a federal prisoner's place of imprisonment once sentence has been imposed as follows:

> The [BOP] shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau. . . that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence–(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . . . .
>
> \*   \*   \*   \*   \*
>
> The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b). After a prisoner has been incarcerated, 18 U.S.C. § 3624 governs the BOP's discretion to designate facilities for pre-release confinement towards the end of a prison sentence, as follows, in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months of, the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

18 U.S.C. § 3624(c). The petitioner in this case, who has been in federal prison from the commencement of her sentence, seeks an immediate assignment to a CCC without respect to any policy change.

3

Until December 2002, the BOP apparently construed 18 U.S.C. § 3624(c) as granting it unlimited authority to evaluate an inmate for placement in a CCC for the last six months of a term of incarceration. However, in December of 2002, the Department of Justice Office of Legal Counsel ("OLC") issued a formal memorandum opinion concerning the BOP's practice of placing certain offenders, who have received a sentence of imprisonment, in a CCC. After reviewing the relevant Sentencing Guidelines, case law, and statutory authority, the OLC memorandum concluded that the BOP's current practice of placing an offender in a CCC directly at the outset of a sentence of imprisonment, or to transfer the prisoner to community confinement during the course of her sentence, was "unlawful" because confinement in a CCC did not constitute "imprisonment" within the meaning of 18 U.S.C. §3621(b). *See Goldings v. Winn*, 383 F.3d 17, 19-20 (1st Cir. 2004) (discussing the contents of the December 2002 OLC memorandum). The OLC memorandum concluded further that 18 U.S.C. § 3624(c), which provides the BOP with authority to send a prisoner to a CCC facility toward the end of a sentence, sets an upper limit on the amount of time that a prisoner can serve in that type of facility at ten percent of his or her sentence, but no more than six months. *See id.* In compliance with the OCL Memorandum, the BOP revised its prior policy of sending prisoners to a CCC for the final six months of their sentences, and began to limit designations of prisoners to a CCC for no more than ten percent of their sentences.

Thereafter, two circuit courts of appeal struck down the December 2002 policy because its interpretation of the limit imposed by § 3624(c) failed to consider that § 3621(b) gave the BOP discretion to transfer prisoners, if appropriate, at any time. *See Goldings*, 383 F.3d at 23-24; *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004). In response, the BOP proposed and adopted a new policy on CCC placement that went into effect on February 14, 2005. *See Community Confinement*,

70 Fed. Reg. 1659 (Jan. 10, 2005) (codified at 29 C.F.R. § 570.21); *see also Yip v. Federal Bureau of Prisons*, 363 F.Supp.2d 548, 550 (E.D.N.Y. 2005) (setting forth the policy in full). The February 2005 policy provides that the BOP has the right to exercise its discretion categorically to limit community confinement to the last ten percent of a prison sentence, not to exceed six months, and that such an exercise of discretion is consistent with 18 U.S.C. § 3621(b).[1] *See* 70 Fed. Reg. at 1661.

IV. DISCUSSION

A. The Futility of Exhaustion

A federal inmate seeking relief under 28 U.S.C. § 2241 must first exhaust her administrative remedies through the BOP before seeking habeas relief in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (citation omitted). The petitioner bears the burden of demonstrating futility. *Id.*

The BOP provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Petitioner argues that exhaustion through the administrative remedies process would be futile under the 2005 policy because the BOP has implemented a final rule and no prisoner grievance will change its application.

Petitioner has met her burden of showing futility. The BOP has categorically decided to limit an inmate's time in a CCC to the final ten percent, of the inmate's sentence, for a period not

---

[1] Under the ten percent limitation, an inmate must have received a prison sentence of five years or longer to be eligible for the statute's maximum six-month period of community confinement. *See Loeffler v. Menifee*, 326 F. Supp.2d 454, 462, (S.D.N.Y. 2004). Thus, the ten percent limitation affects only those prisoners, who are serving a sentence of five years or less.

to exceed six months, except when specific statutorily-authorized BOP programs allow for longer periods. 28 C.F.R. § 570.21. Because the BOP has exercised its discretion categorically, any attempt to go through the administrative process would be futile. Petitioner's failure to exhaust her administrative remedies is excused.

B.      Petitioner's Challenge to the February 2005 Policy

Petitioner challenges the February 2005 policy as an unreasonable interpretation of 18 U.S.C. § 3621(b).[2] Petitioner claims she has a right to individual consideration for placement in a CCC prior to her ten percent date pursuant to the factors enumerated in § 3621(b). She claims that the exercise of BOP discretion categorically to limit community confinement to the last ten percent of a prison sentence pursuant to the February 2005 policy, precludes consideration of these factors and thus, violates § 3621(b).

Petitioner cites no legal authority, and the Court has found none, that confers on an inmate a right to individual consideration for placement in a CCC under the factors of § 3621(b) prior to her ten percent date. Section 3621(b) authorizes the BOP to consider certain factors only when it has elected to consider whether to make a transfer. *See* 18 U.S.C. § 3621(b); *Yip*, 363 F.Supp.2d at 551-52. "Nothing in Section 3621(b) requires the BOP to consider transferring any inmate under its custody prior to the point identified in 18 U.S.C. 3624(c)." *Yip*, 363 F.Supp.2d at 552.

Petitioner's complaint with respect to the final rule is governed by the two-step framework for statutory interpretation established by the Supreme Court in *Chevron U.S.A., Inc. v. Natural*

---

[2]   To the extent that petitioner challenges the December 2002 policy, her challenge is moot. The February 2005 policy superseded the one put into place in December 2002. *See Moss v. Apker*, 376 F.Supp.2d 416, 420 (S.D.N.Y. 2005); *see also Bilinsky v. Federal Bureau of Prisons*, No. Civ. A. 04-5379 (JEI), 2005 WL 1475558 (D.N.J. June 22, 2005) (denying habeas corpus relief on a challenge to the December 2002 policy on placement in a CCC in light of the changed policy).

*Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  Under this two-step analysis, a reviewing court must first look to the language of the statute itself to determine "whether Congress has directly spoken to the precise question at issue," *i.e.*, is the statutory language clear and unambiguous, and if so, "that is the end of the matter."  *Chevron*, 467 U.S. at 842-43.  Where, as here, "the statute is silent or ambiguous with respect to the specific issue," then the question for the court is "whether the agency's answer is based on a permissible construction of the statute."  *Id.* at 843.

Agency rules issued within the scope of authority granted to it by Congress are entitled to heightened deference, and "any ensuing regulation is binding on the courts unless procedurally defective, arbitrary or capricious in substance, or manifestly contrary to the statute."  *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001) (citing *Chevron*, 467 U.S. at 844).  Rules entitled to such deference typically have been subject to the notice and comment period required by the Administrative Procedures Act (the "APA").  *See Mead*, 533 U.S. at 230-31.  Courts have found that the new regulations promulgated under the February 2005 policy, which were published in the Federal Register in compliance with the APA, are entitled to heightened deference and that these regulations are a permissible interpretation of the discretion afforded by 18 U.S.C. §3621(b).  *See Moss v. Apker*, 376 F. Supp. 2d 416, 422 (S.D.N.Y. 2005); *Wiesel v. Menifee*, No. Civ. 9681, 2005 WL 1036297, *4 (S.D.N.Y. May 2, 2005); *DeFrancesco v. Federal Bureau of Prisons*, No. Civ. A. 05-1780, 2005 WL 1712020, *9 (D.N.J. July 20, 2005); *White v. Francis*, No. Civ. A. H-05-3046, 2005 WL 2716262, *2 (S.D. Tex. October 21, 2005).

Although no circuit court of appeals has addressed the new February 2005 policy, an overwhelming majority of the district courts considering similar challenges have upheld it.  *See Yip v. Federal Bureau of Prisons*, 363 F. Supp. 2d 548, 551-52 (E.D.N.Y. 2005); *Moss v. Apker*, 376

F. Supp. 2d 416 (S.D.N.Y. 2005); *Wiesel v. Menifee*, No. 04 Civ. 9681, 2005 WL 1036297 (S.D.N.Y. May 2, 2005); *Levine v. Apker*, No. 05 CV. 3472, 2005 WL 1417134 (S.D.N.Y. May 20, 2005); *Levine v. Menifee*, No. 05 Civ. 1902, 2005 WL 1384021 (S.D.N.Y. June 9, 2005); *Troy v. Apker*, No. 05 Civ. 1306, 2005 WL 1661101 (S.D.N.Y. June 30, 2005); *DeFrancesco v. Federal Bureau of Prisons*, No. Civ. A. 05-1780, 2005 WL 1712020 (D.N.J. July 20, 2005); *Woodall v. Federal Bureau of Prisons*, No. Civ. A. 05-1542FLW, 2005 WL 1705777 (D.N.J. July 20, 2005); *Gentzler v. United States*, No. 05CIV4521LTSGWG, 2005 WL 1773684 (S.D.N.Y. July 27, 2005); *Bialostok v. Apker*, No. 05 Civ. 2698(RJH), 2005 WL 1946480 (S.D.N.Y. Aug. 12, 2005); *Hurley v. Sherrod*, No. Civ. A.05CV01777LTBPAC, 2005 WL 2141490 (D. Colo. Sept. 1, 2005); *Lee v. United States*, No. Civ. A.04-0610-CG-C, 2005 WL 2179796 (S.D. Ala. Sept. 6, 2005); *Charboneau v. Menifee*, No. 05 Civ. 1900(MBM), 2005 WL 2385862 (S.D.N.Y. Sept. 28, 2005); *Wheaten v. Francis*, No. Civ. A. H-05-2536, 2005 WL 1768742 (S.D. Tex. Oct. 5, 2005). By contrast, only a small minority of district courts have disagreed. *See United States v. Paige,* 369 F. Supp. 2d 1257 (D. Mont. 2005); *Pimentel v. Gonzales*, 367 F. Supp. 2d 365 (E.D.N.Y. 2005); *Drew v. Menifee*, No. 04 Civ. 9944HBP, 2005 WL 525449 (S.D.N.Y. March 4, 2005).

Courts that have approved the February 2005 policy have done so under a straightforward application of the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001), which upheld the BOP's discretionary decision to exclude certain inmates – those convicted of offenses involving firearms – from eligibility for early release after successful completion of a drug treatment program under 18 U.S.C. § 3621(e)(2)(B). *See, e.g., Yip*, 363 F. Supp. 2d at 552 (noting that "[t]here is no significant distinction between the situation in *Lopez* and the case at hand"); *Moss*, 376 F. Supp. 2d at 423 (finding "[t]he policy upheld by the Supreme Court in *Lopez* is indistinguishable in all

material respects from the one at issue in this case"); *Wiesel*, 2005 WL 1036297, *6 (finding "[t]he reasoning in *Lopez* is equally applicable to the present case").

The Supreme Court in *Lopez* held that the BOP's implementing regulation was a permissible exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B). *Lopez*, 531 U.S. at 242. Like the regulation at issue in *Lopez*, the February 2005 policy represents a categorical exercise of the BOP's statutory discretion. The BOP "has identified a category of prisoners – inmates who are not yet required to be considered for transfer to a CCC under Section 3624(c), but are eligible under Section 3621(b) – and created a rule denying transfers to all of them, in conflict with no identified directive of Congress." *Yip*, 363 F. Supp. 2d at 552. Under *Lopez*, such a regulation is valid if it is a reasonable interpretation of section 3621(b) and Congress did not "clearly express[ ] an intent to withhold [the BOP's] authority" to regulate its discretion under that section through adoption of a categorical rule. *Lopez*, 531 U.S. at 244. This Court concludes, as the vast majority of other courts considering the issue have found, that there is no distinguishable difference between the BOP's rule-making in *Lopez* and its rule-making here. Therefore, the Court finds that the BOP's February 2005 policy is a reasonable interpretation of 18 U.S.C. § 3621(b) and a valid exercise of the BOP's discretion under that statute.

The Court further finds that petitioner has failed to allege a constitutional violation in connection with the application of the February 2005 policy. A prisoner does not have a constitutional due process right to incarceration in a particular place or at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Moreover, petitioner does not state facts to show that she has been treated differently under the policy than others, similarly situated prisoners, as necessary to state an equal protection claim.

9

*See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997). Furthermore, petitioner fails to state an *ex post facto* violation. The February 2005 policy did not change the applicable statutes and did not increase her punishment. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995) (noting that "focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor . . . on whether an amendment affects a prisoner's '*opportunity* to take advantage of provisions for early release,'. . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable"). Absent a showing that the policy has violated petitioner's constitutional rights, federal habeas corpus relief is not warranted.

V.     CONCLUSION

For the above reasons, petitioner is not entitled to federal habeas corpus relief under 28 U.S.C. § 2241. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. Petitioner's motion to expedite (Docket Entry No.2) and her request for admissions (Docket Entry No.4) are DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on December 21, 2005.


                                              _____
                                              MELINDA HARMON
                                              UNITED STATES DISTRICT JUDGE